NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: SKY FINANCIAL INVESTMENTS, LLC,

Debtor.

KCI RESTAURANT MANAGEMENT, LLC,

Appellant,

v.

OMAHA SELDINS,

Appellees.

No. 21-15273

D.C. No. 2:20-cv-01502-SPL

MEMORANDUM*

On Petition for Review of an Order of the
United States District Court for the District of Arizona
Steven P. Logan, District Judge, Presiding

Argued and Submitted February 11, 2022
Phoenix, Arizona

Before: MURGUIA, Chief Judge, GRABER, Circuit Judge, and BURNS,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

Appellant KCI Restaurant Management, LLC ("KCI") filed a claim against the bankruptcy estate of Sky Financial Investments, LLC ("Sky Financial") seeking $1,574,639 in management fees purportedly owed to KCI's assignor, Sky Colonial II Management, LLC ("Sky Colonial"). KCI acknowledged that Sky Financial had already paid $1,251,516 in management fees before the bankruptcy filing. The bankruptcy court found that the additional fees sought by KCI exceeded the reasonable value of its services. KCI timely appealed to the district court, which affirmed the denial of fees. KCI timely appeals to us, and we affirm.

We generally review statutory awards of reasonable fees for abuse of discretion, *see, e.g., Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1157–58 (9th Cir. 2018) (factfinder "has discretion in determining a reasonable fee" under Americans with Disabilities Act); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 572 (9th Cir. 2019) (en banc) (same under Fed. R. Civ. P. 23(h)); *Buck v. Bilkie*, 63 F.2d 447, 447 (9th Cir. 1933) (per curiam) (statutory award of "reasonable attorney's fee" "is clearly discretionary"), and apply that standard here. We evaluate *de novo* whether "the trial court identified the correct legal rule to apply," then "determine whether the trial court's application of the correct legal standard was (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577

2

(1985)).  The bankruptcy court applied 11 U.S.C. § 502(b)(4), which KCI agrees is the correct rule, so we consider only the second half of this test and find no abuse of discretion.

The bankruptcy court did not abuse its discretion either in its selection of factors bearing on reasonableness or in the application of those factors.  Contrary to KCI's argument, the court was not limited to considering the terms of KCI's agreement with Sky Financial because trial courts cannot determine reasonableness through a "mechanical formulation."  *McProud v. Siller* (*In re CWS Enters., Inc.*), 870 F.3d 1106, 1119–20 (9th Cir. 2017).  Based on "the particular circumstances of the matter before it," *id.*, the bankruptcy court considered six factors: "(1) the proportion of the management fees to the investment; (2) the skill required for the services; (3) whether the transaction was an arm's length transaction; (4) the manager's performance; (5) the fees sought as compared to the time spent on management, *i.e.,* lodestar; and (6) the insider's view on what is reasonable."  As to each factor, the court thoroughly discussed the evidence and made relevant factual findings—including KCI's prior receipt of payment for most of the services claimed and KCI's needless delay in closing Sky Financial while its fees continued accruing.  The bankruptcy court's identification and consideration of these factors was a reasonable application of § 502(b)(4) to this case.

KCI contends that the bankruptcy court disregarded four factors that should have been considered: (1) the claimant's position in the company; (2) whether there is evidence of overreaching by the insider claimant; (3) whether any creditors were prejudiced by the claimant's fees; and (4) the fees of individuals of like education, experience, and position in the claimant's field. But the bankruptcy court's analysis covered similar, if not identical, points. There was no abuse of discretion.

**AFFIRMED.**